**SIGNED this 09 day of September, 2010.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br>　　GLENN S. MARTIN, JR.,<br>　　　　　　　　　Debtor. | No. 08-52631<br>Chapter 7 |
| RICHARD F. RAY, Trustee,<br>　　　　Plaintiff,<br>vs.<br>HEATHER M. DURKOP and<br>BOBBY J. WOODDELL,<br>　　　　Defendants. | Adv. Pro. No. 10-5010 |

## M E M O R A N D U M

APPEARANCES:

Ryan E. Jarrard, Esq.
Jenkins & Jenkins Attys, PLLC
2121 First Tennessee Plaza
Knoxville, Tennessee 37929
*Attorney for Plaintiff*

Bobby J. Wooddell
1319 NE State Road 47
Trenton, Florida 32693
*Pro Se*

**Marcia Phillips Parsons, United States Bankruptcy Judge**. In this adversary proceeding, the chapter 7 trustee seeks to quiet title to certain real property allegedly owned by the bankruptcy estate pursuant to an unrecorded deed. Presently before the court is the trustee's motion for summary judgment. For the reasons discussed hereafter, the trustee's motion will be granted. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(O).

I.

On December 31, 2008, Glenn S. Martin, Jr. filed a voluntary petition for bankruptcy relief under chapter 11. Mr. Martin operated as a debtor-in-possession until March 4, 2009, when this court granted the United States' motion for the appointment of a trustee. The United States trustee selected Richard F. Ray as chapter 11 trustee and Mr. Ray has continued as trustee after the bankruptcy case was converted to chapter 7 on June 17, 2010.

On March 17, 2010, the trustee commenced the instant adversary proceeding, alleging that on the date of his bankruptcy filing, the debtor had an unrecorded interest in the property known as Lot 18 of McInturff Acres, Section II Subdivision, located in Washington County, Tennessee. According to the complaint, the record owners of Lot 18, defendants Bobby J. Wooddell and Heather Durkop, f/k/a/ Heather Wooddell, previously conveyed the property to the debtor by deed, but for unknown reasons the deed was not recorded. The trustee alleges that notwithstanding the absence of a recorded deed, the debtor has maintained possession of the realty and has consistently used it in the farming and cultivation of tobacco. The trustee alleges that he has attempted to obtain a substitute deed from the defendants but they have not cooperated. The trustee requests a determination that the bankruptcy estate is the lawful owner of the realty, vested with unencumbered title in fee simple.

The defendants failed to respond to the complaint and summons, and consequently the trustee moved for default judgment. A hearing on the motion was set for June 1, 2010. Prior to the hearing, Mr. Wooddell, *pro se*, sent a hand-written letter to the clerk of court stating that he would soon be 80 years of age, that he is a disabled army infantry veteran with numerous health concerns, and that he is unable to travel to court from his home in Florida. As to the merits of the complaint, Mr. Wooddell states "I do not remember if I got paid for this property. Therefore, I am claiming this

2

property as mine." In light of Mr. Wooddell's letter, the court denied the trustee's motion for default judgment against him, but granted it as to Ms. Durkop.

On July 9, 2010 the trustee filed the present motion for summary judgment, asserting that there is no disputed issue of material fact and that he is entitled to judgment as a matter of law. The motion was accompanied by a Statement of Undisputed Facts, and supported by the trustee's personal affidavit and the affidavit of his attorney, Ryan E. Jarrard, as well as several other exhibits. Upon the filing of the trustee's motion, this court entered an order setting a deadline for Mr. Wooddell to respond to the motion. On August 26, 2010, the clerk received from Mr. Wooddell, again appearing *pro se*, a second hand-written letter wherein he stated that he was responding to the court's directive.

The documents submitted in connection with the trustee's summary judgment motion establish that the defendants as husband and wife acquired Lot 18 by warranty deed on June 2, 1986, and that the deed is of record in the Register's Office for Washington County, Tennessee. The trustee states in his affidavit that as part of his duties in managing the property of the estate, it came to his attention that there was no registered deed in the debtor's name for the lot even though records indicate that the debtor has paid the property taxes on the property for the last several years. The trustee states that after conducting an investigation, it became apparent that the defendants had sold Lot 18 to the debtor but that he had never recorded the deed.

Mr. Jarrard states in his affidavit that he spoke with Mr. Wooddell by telephone on September 2, 2009, to inquire if he would sign a replacement deed to the trustee. According to Mr. Jarrard, Mr. Wooddell agreed and even stated that he had previously supplied to the debtor a replacement deed which like the original had never been recorded. Mr. Jarrard avers that in furtherance of their telephone conversation he forwarded a quit-claim deed to Mr. Wooddell, but he never signed it and refused further communication. A copy of a September 2, 2009 letter from Mr. Jarrard to Mr. Wooddell, referencing the telephone conversation and conveying the proposed quit-claim deed, is attached to Mr. Jarrard's affidavit.

Mr. Jarrard also states in his affidavit that in 2000 Mr. Wooddell received a discharge in a personal chapter 7 bankruptcy case in Florida, and that he did not list the subject property in the

bankruptcy proceeding. Attached to Mr. Jarrard's affidavit are certified copies of the discharge order entered in that bankruptcy case, Mr. Wooddell's Schedule A-Real Property, and his Statement of Financial Affairs.

Lastly, Mr. Jarrard states in his affidavit that the defendants divorced in Florida in 1997 and divided their assets in the divorce proceeding. According to Mr. Jarrard, the defendants' marital dissolution agreement addressed certain real property in Washington County, Tennessee contiguous to Lot 18, which the wife agreed to convey to the husband, but did not reference Lot 18. Certified copies of the defendants' divorce decree and their marital dissolution agreement are attached to Mr. Jarrard's affidavit.

In his August 26, 2010 letter to the court, Mr. Wooddell does not specifically address the trustee's contention that he and his former wife sold Lot 18 to the debtor. Nor does he mention as he did in his earlier response that he could not recall if he was paid for the property. Instead, Mr. Wooddell's response appears to be directed toward Mr. Jarrard's statement that the defendant previously admitted the sale in a telephone call, and to the absence of any reference to the property in his bankruptcy or divorce. Mr. Wooddell states in part the following:

> If I am called on the phone by someone I do not know, I tell them nothing, which I learned a long time ago from an attorney who had been a law professor or, I tell them nothing of truth.
>
> What I told these attorneys "apparently" was not the truth. What I understand is they are basing their case on what they say I said. If true, then it should be denied. Because it is based on hearsay, not facts. . . .
>
> There was no reason for me to report this on my bankruptcy or my divorce. Because I did not know it was still in my name. Again they have no case.

II.

Under Rule 56(a) of the Federal Rules of Civil Procedure, as incorporated by Fed. R. Bankr. P. 7056, a party claiming relief may move for summary judgment on all or part of the claim. Summary judgment is mandated "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or

4

denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

The evidence submitted by the trustee in support of his motion for summary judgment establishes by a preponderance of the evidence that the debtor owned the subject realty, Lot 18, at the time of his bankruptcy filing.  According to the trustee's affidavit, the debtor consistently used the property in the farming and cultivation of tobacco, paid the real property taxes on the property, and was in possession of the property at the time of his bankruptcy filing.  In the absence of evidence to the contrary, one could reasonably infer that the one who utilizes, possesses and pays the taxes on real property is the owner of the property.  This ownership inference is supported by Mr. Jarrard's sworn statement that Mr. Wooddell, one of the record owners of the property, admitted the sale of the lot to the debtor during a telephone conversation and even relayed the fact that he had previously sent the debtor a replacement deed.  The defendants' sale of the subject property is further supported by the fact that the property is not mentioned in the defendants' 1997 divorce or in Mr. Wooddell's 2000 personal bankruptcy filing.[*]

Mr. Wooddell does not expressly deny in either of the two letters that he sent to the court the crux of the trustee's complaint: that the defendants sold Lot 18 to the debtor prior to December 31, 2008, the date of the debtor's bankruptcy filing.  In his first letter, Mr. Wooddell's only statement in response to the allegations of the complaint is that he could not remember if he was paid for the property, and therefore, he was "claiming" the property as his.  However, the mere fact that Mr. Wooddell can not recollect whether he was paid for the property is insufficient to create a genuine issue of material fact as to whether the debtor was the owner of the property.

As to Mr. Wooddell's second letter, his testimony appears to be that when he is telephoned

---

[*] In Schedule A - Real Property filed by the debtor in this bankruptcy case, the debtor lists a fee simple absolute interest in 38 acres at 210 McInturff Road, Limestone, Tennessee. Although the trustee argues in the memorandum in support of his summary judgment motion that this listing supports the trustee's claim in this adversary proceeding, there is nothing in the record that indicates whether these 38 acres include Lot 18.

by strangers he says nothing or tells lies, thus rasing the implication that he lied to Mr. Jarrard or that Mr. Jarrard's affidavit is false. The rest of Mr. Wooddell's response suggests the former because he states "what I told these attorneys apparently was not the truth" and that if he did state what has been alleged, it was hearsay. However, under Rule 801(d) of the Federal Rules of Evidence, a statement offered against a party that is the party's own statement is not hearsay. Given the equivocal nature of Mr. Wooddell's statements, the court is unable to conclude that his letter sets out specific facts showing a genuine issue for trial.

Regarding Mr. Wooddell's explanation for failing to list the real property in either his divorce or bankruptcy filing, that he "did not know [the property] was still in [his] name," the court similarly concludes that the statement is insufficient to create a genuine issue for trial. To the contrary, the fact that Mr. Wooddell did not know the property was in his name supports rather than refutes the trustee's contention that the property had been sold prior to either of these occurrences. And, if the property had not been sold before Mr. Wooddell's personal bankruptcy filing, his interest in the property would still be property of his bankruptcy estate because of his failure to disclose and he would have no standing to dispute the trustee's claim to the subject property. *See, e.g., Tennyson v. Challenge Realty*, 313 B.R. 402, 405-06 (Bankr. W.D. Ky. 2004) ("A pre-petition asset which was not properly disclosed in a debtor's schedules is not deemed abandoned and remains property of the estate."); *Bowie v. Rose Shanis Fin. Servs., LLC*, 862 A.2d 1102, 1113 (Md. App. 2004) (debtor has no standing to assert ownership of asset that was not scheduled in his bankruptcy because it remains dormant in the bankruptcy estate even after the estate has been closed and the trustee has been discharged).

### III.

In conclusion, the documents submitted by the trustee in support of his motion for summary judgment show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Because the letter responses of the defendant Mr. Wooddell do not set out specific facts showing a genuine issue for trial, summary judgment in the trustee's favor is appropriate. An order will be so entered.

# # #